## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0308** (Wyoming County 13-F-66)

**William Jeffrey Fox,**
**Defendant Below, Petitioner**

**FILED**

**March 13, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William Jeffery Fox, by counsel David Kirkpatrick, appeals the Circuit Court of Wyoming County's December 14, 2015, order sentencing him to a term of incarceration of three to eleven years for his conviction of one count each of malicious assault and domestic battery. The State, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner argues that the circuit court erred in accepting the guilty verdicts returned by the jury and in denying his constitutional right to cross-examine the victim.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, William Luther Fox ("the victim"), petitioner's brother, received a telephone call from their mother asking him to drop his children off at her home. The victim did not want his son interacting with petitioner, who lived with their mother, and went to the home to inform her that he would not leave his children at the home. After arriving at the mother's home, petitioner's girlfriend began arguing with the victim and he left the home. Subsequently, while the victim was jogging, a white Dodge Durango drove up to him, pulled into a nearby driveway, and petitioner emerged from the vehicle armed with a steel pipe. Petitioner struck the victim at least ten times with the steel pipe. A neighbor, Randy Cook, came out onto the lawn and instructed petitioner to stop attacking the victim. When the attack did not stop, Mr. Cook went inside his home, grabbed a pistol, and called emergency services. Petitioner was arrested twenty minutes later, sitting on the victim's unconscious body. Thereafter, petitioner was charged with malicious assault, in violation of West Virginia Code § 61-2-9(a); and domestic battery, in violation of West Virginia Code § 61-2-28(a).

Petitioner's jury trial commenced in September of 2015 and lasted two days. Following the presentation of the evidence, the circuit court presented the instructions for malicious assault and domestic battery to the jury, along with additional instructions agreed upon by both parties.

1

Petitioner did not request a self-defense instruction. The jury convicted petitioner of one count each of malicious assault and domestic battery. The circuit court then imposed a cumulative sentence of three to eleven years for petitioner's conviction. It is from the circuit court's sentencing order that petitioner appeals.

Since petitioner is appealing the circuit court's sentencing order in this matter, we have previously held as follows:

> "In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

Syl. Pt. 1, *State v. Blevins*, 231 W.Va. 135, 744 S.E.2d 245 (2013). In his first assignment of error, petitioner argues that the circuit court erred in accepting the guilty verdicts returned by the jury because he presented sufficient evidence at trial that he acted in self-defense. Specifically, petitioner argues that he did not intend to harm the victim but rather used the steel pipe to defend himself from the victim's "aggressive behavior." The Court, however, does not agree.

Pursuant to West Virginia Code § 61-2-9(a),

> [i]f any person maliciously shoot, stab, cut or wound any person, or by any means cause him or her bodily injury with intent to maim, disfigure, disable or kill, he or she shall, except where it is otherwise provided, be guilty of a felony and, upon conviction, shall be punished by confinement in a state correctional facility not less than two nor more than ten years. If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender is guilty of a felony and, upon conviction, shall either be in a state correctional facility not less than one nor more than five years, or be confined in jail not exceeding twelve months and fined not exceeding $500.

Petitioner does not challenge the sufficiency of the State's evidence in regard to the elements of malicious assault. Instead, petitioner claims only that because he testified that he acted in self-defense the circuit court should have instructed the jury accordingly. Petitioner's argument, however, ignores the fact that he failed to request a formal jury instruction on self-defense.

In discussing jury instructions, we have held as follows: "Where there is competent evidence tending to support a pertinent theory in the case, it is the duty of the trial court to give an instruction presenting such theory when *requested* so to do." Syl. Pt. 7, *State v. Alie,* 82 W.Va. 601, 96 S.E. 1011 (1918) (Emphasis added). Further, this Court has established that a defendant's "failure to even offer a jury instruction . . . constitutes waiver of [the] alleged error . . . precludes appellate review." *Rodriguez v. Consolidation Coal Co.,* 206 W.Va. 317, 327, 524 S.E.2d 672, 682 (1999).

2

Upon our review of the record on appeal, petitioner concedes that he failed to request a jury instruction on self-defense before the case was submitted to the jury. As such, it is clear that he waived the right to a self-defense jury instruction and that such waiver precludes appellate review of this matter.

Petitioner's next assignment of error on appeal is that the circuit court erred in sustaining respondent's objection to petitioner's attempt to cross-examine the victim regarding his alleged communication with one of the witnesses outside of the courtroom. Petitioner argued that the victim and a witness, the neighbor, conspired to fabricate or agree upon a narrative for the trial. Regarding cross-examination, we have held that

> [s]everal basic rules exist as to cross-examination of a witness. The first is that the scope of cross-examination is coextensive with, and limited by, the material evidence given on direct examination. The second is that a witness may also be cross-examined about matters affecting his credibility. The term "credibility" includes the interest and bias of the witness, inconsistent statements made by the witness and to a certain extent the witness' character. The third rule is that the trial judge has discretion as to the extent of cross-examination.

Syl. Pt. 4, *State v. Richey*, 171 W.Va. 342, 298 S.E.2d 879 (1982).

Although petitioner argues that the circuit court improperly limited petitioner's line of inquiry into the fact that the victim and Mr. Cook were held in the same waiting room, he presents no evidence to support his contention that they conspired to fabricate or agree upon the events that transpired when petitioner attacked the victim. Rather, petitioner simply asserts that they must have agreed upon a trial narrative because they were together in the same waiting room. This fact, without more, was insufficient to warrant cross-examination of the victim in the manner petitioner requested. As such, the circuit court properly sustained respondent's objection to petitioner's line of questioning. For these reasons, we find no error in the circuit court's acceptance of the jury verdicts returned against petitioner.

For the foregoing reasons, the circuit court's December 14, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: March 13, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker